IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT E. MALONE, JR.                §
                                     §
         Plaintiff,                  §
                                     §
VS.                                  §          NO. 3-12-CV-0566-P
                                     §
PARKLAND MEMORIAL HOSPITAL,          §
ET AL.                               §
                                     §
         Defendants.                 §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Robert E. Malone, Jr., a pretrial detainee, alleging that he received inadequate medical care while incarcerated in the Dallas County Jail. On February 24, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on April 19, 2012. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his *pro se* complaint and interrogatory answers, plaintiff appears to allege that Dr. David Stevens, a physician at Parkland Hospital, was negligent for allowing an untrained intern to perform an emergency appendectomy on or about June 28, 2011. During that procedure, the intern allegedly failed to remove plaintiff's entire appendix, which caused plaintiff to become critically ill and resulted in his extended hospitalization. (*See* Mag. J. Interrog. #3-4). By this suit, plaintiff seeks $500,000 in damages to compensate him for pain and suffering "do [*sic*] to the medical negligence of the staff that performed my surgery." (*See* Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## B.

The court initially observes that plaintiff has failed to state a claim for relief against two defendants named in his complaint--the Dallas County Jail and Parkland Memorial Hospital. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Dallas County Jail nor Parkland Memorial Hospital are separate legal entities having jural authority. *See Bragg v. Safeek*, No. 3-09-CV-1931-N, 2010 WL 624139 at *2 (N.D. Tex. Feb. 19, 2010) (citing cases). Consequently, plaintiff's claims against these defendants should be dismissed.

## C.

That leaves plaintiff's medical care claim against Dr. Stevens and unnamed Parkland employees. In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must show that these defendants acted with deliberate indifference to a serious medical condition such as to cause the "unnecessary or wanton infliction of pain[.]" *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Mere negligence does not constitute deliberate

indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.), *cert. denied*, 120 S.Ct. 249 (1999). Rather, plaintiff must show that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

The gravamen of plaintiff's medical care claim is that Dr. Stevens negligently allowed an untrained intern to perform an emergency appendectomy, during which the intern failed to remove plaintiff's entire appendix. (*See* Mag. J. Interrog. #3-4). However, no facts are alleged by plaintiff in his complaint or interrogatory answers to suggest that the doctor, intern, or any Parkland employee was deliberately indifferent to his medical needs. At most, plaintiff has stated a claim for medical negligence, which is not actionable under 42 U.S.C. § 1983. *Stewart*, 174 F.3d at 534; *see also Beene v. Dallas County Sheriff's Dept.*, No. 3-11-CV-1603-K-BD, 2011 WL 5985921 at *2 (N.D. Tex. Nov. 4, 2011), *rec. adopted*, 2011 WL 5985633 (N.D. Tex. Nov. 29, 2011) (summarily dismissing section 1983 medical care claim where plaintiff alleged only negligence by jail officials).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 23, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE